# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL J. FOREMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-416-RAW-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Russell J. Foreman requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born May 18, 1970, and was forty years old at the time of the administrative hearing. (Tr. 30). He completed the tenth grade, and has worked as a forklift operator, box maker, sandblaster, crane operator, grinder operator, cabinetmaker, and groundskeeper. (Tr. 15, 132). The claimant alleges that he has been unable to work since October 13, 2009 because of a left hand injury and arthritis in his back. (Tr. 11, 127).

## Procedural History

On October 26, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Gene M. Kelly held an administrative hearing and determined the claimant was not disabled in a written opinion dated March 31, 2011. (Tr. 9-17). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the ability to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b), *i. e.*, he could lift/carry twenty pounds occasionally

and ten pounds frequently, and stand/walk/sit for six hours in an eight-hour workday, all with normal breaks. The ALJ further found that the claimant could only occasionally climb, bend, stoop, kneel, crouch, crawl, or operate foot controls. The ALJ imposed the additional limitation of a low noise environment, and avoiding rough, uneven surfaces, unprotected heights, and dangerous machinery, as well as only using his left hand for balancing. The ALJ also found that the claimant must be permitted to alter his postural position from time to time, but that he would remain attentive and carry out work assignments despite mild to moderate chronic pain. The ALJ found that the claimant's depression and anxiety, history of substance abuse, and level of intellectual functioning limited him to simple, routine, and repetitive work; that he was limited in his exposure to the public and to co-workers and supervisors; that he should be given ample room between himself and co-workers on an assembly line; and that he cannot be expected to interact socially with them. (Tr. 12-13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, packing/filling machine operator, office cleaner, production inspector, and press machine operator. (Tr. 16).

## Review

The claimant contends that the ALJ erred by failing to sufficiently identify work he is capable of performing. The undersigned Magistrate Judge finds the claimant's contention dispositive, and the decision of the Commissioner should therefore be reversed.

The claimant testified at the administrative hearing as to his education, work experience, and physical impairments. (Tr. 31-38). The ALJ then asked the vocational expert ("VE") whether there were any jobs available in the regional or national economy that would allow for the restrictions outlined above. The VE responded that examples would be packing and filling machine operator, production inspector, office cleaning jobs, and press machine operator, but noted that the restrictions outlined by the ALJ would result in a 50% reduction in the availability of these positions. (Tr. 50-55). The VE stated that the job described was consistent with the description in the Dictionary of Occupational Titles ("DOT"), but did not provide the DOT numbers for these positions. (Tr. 54).

In his written decision, the ALJ adopted limitations that the claimant could perform *less* than the full range of light work, including the limitations that the claimant could only occasionally climb, bend, squat, stoop, kneel, crouch, or crawl, and operate foot controls; required a low noise environment; need to avoid rough, uneven surfaces, unprotected heights, and dangerous machinery; could only use his left hand for balancing; must be permitted to alter his postural position from time to time; could perform simple, repetitive, and routine tasks due to level of intellectual functioning; could only have limited exposure to the public, co-workers, and supervisors; and if on an assembly line must have ample room between himself and others, and could not be expected to interact socially with them. (Tr. 12-13). The ALJ adopted the VE's testimony that the claimant could perform the unskilled light jobs of packing/filling machine operator, production inspector, office cleaner, and press machine operator, and

5

stated that the VE's "testimony [wa]s consistent with the information contained in the [DOT]." (Tr. 16). The claimant notes that the neither the VE nor the ALJ referred to DOT numbers for the proposed available positions. He thus argues that the ALJ erred in relying on the VE's testimony because the VE did not provide sufficient information for the ALJ to properly review and/or adopt his opinion.

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

First, a conflict exists because the ALJ failed to identify *specific* jobs—rather than broad job categories—in the DOT that the Court could review and compare to the imposed limitations. *See Carpenter v. Astrue*, 537 F.3d 1264, 1270-1271 (10th Cir. 2008) ("The ALJ is obligated to explain conflicts between a VE's testimony and a job

6

description in the DOT, however, and therefore must elicit *enough vocational evidence for this court to determine whether there is a conflict.*") [emphasis added].

Second, a search of the DOT for the job of "packing/filling machine operator" returns numerous results under the broad DICOT Code 92974. *See, e. g.*, DICOT §§ 920.685-042, 920.685-082, 820.685-094, 518.683-010. After checking a sampling of these positions, some require the ability to perform medium work and some the ability to perform the full range of light work and/or impermissible noise levels or handling requirements. *See Herbert v. Barnhart*, 2002 WL 31180762 at *8-9 (D. Kan. Sept. 19, 2002) (reversing and remanding to ALJ, partially because the identified jobs of cashier and ticket seller required frequent reaching, handling, and fingering which appeared to be in conflict with the claimant's RFC restrictions from rapid, repetitive use of hand controls) [unpublished opinion]. The ALJ failed to even identify the specific job referenced by the VE (rather than entire broad categories), and further failed to ask the VE to reconcile conflicts or clarify how the DOT could apply to the proffered positions, and the ALJ therefore committed reversible error in violation of this court's holding in *Haddock*. *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"). There appears to be a similar problem with the

7

jobs of "production inspector," "office cleaner," and "press machine operator," as proffered by the VE. A review of a number of these positions all appear to require performance beyond the claimant's RFC. *See, e. g.*, DICOT §§ 920.685-062 ("Hydraulic Press Operator"), 726.684-066 ("Inspector, Semiconductor Wafer"), 381.687-014 ("Cleaner, commercial or institutional (any industry)"). Although these unresolved conflicts as to these limitations would have been harmless error if other jobs had been identified that did not pose a conflict, they are not harmless here because none of the jobs identified are appropriate in light of the claimant's RFC. *See Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion]. The Commissioner attempts to salvage the ALJ's findings by arguing that the VE "bridged the gap" of differences between the DOT and the claimant's RFC by reducing the jobs available by 50%, and further proposes specific DOT numbers that they argue meet the claimant's RFC, *i. e.* DICOT §§ 920.685-086, 920.685-094. These arguments fail for two reasons. One, a cursory review of these jobs reveal that they do not conform to the claimant's RFC due to noise level or other limitations. Two, the undersigned Magistrate Judge will not adopt the Commissioner's post-hoc rationalizations. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Unlike the practice in the Fifth Circuit, in *this circuit* the ALJ must resolve any apparent conflict between the VE's testimony and the DOT. *See Burns v. Barnhart*, 312 F.3d 113, 126 n.8 (3rd Cir. 2002) (discussing Circuit split); *compare Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the [VE's] testimony and the DOT in this case . . . the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so.") *and Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."), *with Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls.") *and Haddock*, 196 F.3d at 1091 ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand

9

the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 12th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma